**SO ORDERED.**

**DONE and SIGNED January 30, 2015.**



_____
JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUSIIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Cheryl Dyer | § | Case Number: 14-11321 |
| Debtor | § | |
| | § | |
| Chapter 13 | § | |

**MEMORANDUM OPINION DENYING CONFIRMATION OF CHAPTER 13 PLAN**

The Court writes this Memorandum Opinion because is concerns an important issue in Chapter 13 plans: whether or not a Chapter 13 plan can separately classify student loans as a long term debt under 11 USC §1322(d)(5). In the case at bar, the debtor contends that it can; the Chapter 13 Trustee contends that it cannot.

1

I. Procedural Background

Before the Court is the Amended Chapter 13 Plan before confirmation (Docket #32), the Debtor's Memorandum in Support of Confirmation (Docket #30), the Chapter 13 Trustee's Memorandum Regarding Classification of Student Loans (Docket #31) and the Objection to Confirmation by the Chapter 13 Trustee (Docket #36). The Court held a hearing on January 28, 2015, and evidence was introduced.

The debtor's proposed Chapter 13 plan provides for payments totaling $6,715.38. The debtor's two student loans are specially classified and would under the terms of the plan receive total payments of $3,501.00 to the U.S. Department of Education, and $500.00 to General Revenue Corporation. This distribution would pay 23% of the current outstanding principal balance due the U. S. Department of Education, and 62% of the estimated principal balance due General Revenue Corporation. Debtor acknowledges that the proposed Chapter 13 Plan does not provide a meaningful dividend (less than 1%) for the general unsecured (and non-student loan) creditors. Debtor asserts that, in her case, the non-dischargeable student loans should be entitled to the payment preference proposed by 11 U.S.C. Section 1322(b)(5). The Debtor maintains that the proposed disbursements to be made by the Chapter 13 Trustee consist solely of maintenance payments and default cure payments and thus, the proposed Chapter 13 plan complies fully with the dictates of 11 U.S.C. Section 1322(b)(5).

> 11 U.S.C. §1322(b)(5) provides as follows:
>
> (b) Subject to subsections (a) and (c) of this section, the plan may—
> (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

The Chapter 13 Trustee contends that that § 1322(b)(5) and § 1322(b)(1) must be read in conjunction with each other, requiring any treatment of long-term debt under 11 U.S.C. § 1322(b)(5) to satisfy the unfair discrimination analysis under 11 U.S.C. § 1322(b)(1).

11 U.S.C. § 1322(b)(1) provides as follows:

(b) Subject to subsections (a) and (c) of this section, the plan may— (1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated; however, such plan may treat claims for a consumer debt of the debtor if an individual is liable on such consumer debt with the debtor differently than other unsecured claims;

Simply, the Debtor urges the Court that 11 U.S.C. §1322(b)(5) stands alone and that the Court need not consider 11 U.S.C. § 1322(b)(1). The Trustee argues contra.

## II. Findings of Fact

The parties do not dispute the relevant facts, which are as follows:

1. The debtor's Chapter 13 Plan as proposed separately classifies and provides preferential treatment of the debtor's student loan debt.

2. The amount of the debtor's student loan debt comprises 40% of the debtor's total unsecured debt.

3. The debtor's plan classifies student loan debt in its own class. That class (Class 7) is titled "Special, Co-signed and/or Non-dischargeable Claims," the plan proposes to pay $500.00 representing student loan debt owed to General Revenue Corporation and $3,051.00 representing student loan debt owed to the U.S. Department of Education. The proposed distribution for class 8 claims (general unsecured claims) is $100.00.

4. Under the proposed plan, General Revenue Corporation will receive payment of 62% of its student loan claim and the U.S. Department of Education will receive payment of 23% of its student loan claim under class 7. General unsecured creditors (class 8) will

receive payment of less than 1%.

5. If the sums to be paid to the student loan debt under class 7 were distributed among class 8 general unsecured claims, the distribution to unsecured creditors would increase from less than 1% to 11%.

III. Conclusions of Law

The Court has jurisdiction pursuant to 28 USC U.S.C. § 1334(b). This particular dispute is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(l) because it concerns confirmation of a Chapter 13 plan.

Several reported decisions have allowed the separate classification of student loans and some have cited 11 U.S.C. §1322(b)(5) as an acceptable special treatment for student loans in a Chapter 13 Plan. This, however, is the minority view. *See, e.g., In re Johnson,* 446 B.R. 921 (Bankr. E.D. Wis. 2011) (holding that student loans could be separately classified as long term debts); *In re Williams,* 253 B.R. 220 (Bankr. W.D. Tenn. 2000) (the court allowed student loan arrearages to be paid in full through the plan as long as the student loan was treated as a long term debt under § 1325(b)(5)); *In re Chandler,* 210 B.R. 898 (Bankr. D.N.H. 1997) (the court held separate treatment of student loans was permitted as long as there was no "unfair" discrimination); *In re Cox,* 186 B.R. 744 (Bankr. N.D. Fla. 1995) (§1322(b)(5) specifically sanctions separate classification long term debts); *In re Benner,* 156 B.R. 631 (Bankr. D. Minn. 1993) (the court held § 1322(b)(5) authorizes separate treatment of long term debts, and any resulting discrimination is not "unfair").

However, the vast majority of cases have held that it is unfair discrimination to separately classify education loans for more favorable treatment. *See, e.g., In re Edmonds*, 444 B.R. 898 (Bankr. E.D. Wis. 2010) (holding that §§ 1322(b)(1) and (5) must be read in conjunction, and

4

separate classification of student loan debt would not be permissible if it resulted in unfair discrimination); *In re Lahib-Kiyarash*, 271 B.R. 189 (B.A.P. 9th Cir. 2001) (held that treatment of student loans as long term debts must still satisfy the unfair discrimination test); *In re Beida*, 315 B.R. 477 (N.D. Ill. 2004) (held that the difference between the proposed dividend to long term student loan creditors and other unsecured creditors was so great it resulted in impermissible unfair discrimination); *In re Precise*, 501 B.R. 67 (Bankr. E.D. Pa. 2013) (plan proposed a minimal unsecured dividend to general unsecured creditors while nearly paying student loans in full, which resulted in unfair discrimination); *In re Pracht*, 464 B.R. 486 (Bankr. M.D. Ga. 2012) (the court concluded that 11 U.S.C. § 1322(b)(5) did not trump § 1322(b)(1)); *In re Boscaccy*, 442 B.R. 501 (Bankr. N.D. Miss. 2010) (holding that the unfair discrimination rule in § 1322(b)(5) must be applied to creditors being treated under § 1322(b)(1)); *In re Harding*, 423 B.R. 568 (Bankr. S.D. Fla. 2010) (separately classifying student loans as long term debt not permissible when it would result in unfair discrimination); *In re Pora*, 353 B.R. 247 (Bankr. N. D. Cal. 2006) (holding that long term debts were not specifically excludes from the unfair discrimination requirement in § 1322(b)(5); *In re Simmons*, 288 B.R. 737 (Bankr. N. D. Tex. 2003) (plan proposing to pay student loans as long term debts unfairly discriminated against other general unsecured debts).

The Court finds that the majority view is more persuasive. 11 U.S.C. 1322(b)(1) and 11 U.S.C. §1322(b)(5) must be read in conjunction with one another without creating the type of conflict that could justify the Court disregarding § 1322(b)(1)'s limiting language. 11 U.S.C. §1322(b)(1) does nothing more than place a fairness limitation upon the classification and treatment of long-term unsecured debts as it does with all other forms of separate classification of unsecured debts. Giving effect to both 11 U.S.C. 1322(b)(1) and 11 U.S.C. §1322(b)(5) is not an unworkable and conflicting legislative choice. To disregard 11 U.S.C. 1322(b)(1) when a debt is

5

classified and treated under 11 U.S.C. §1322(b)(5) would suggest an unspoken Congressional intent to abandon its fairness requirement with respect to the separate classification of unsecured long-term debts but to apply the fairness requirement with respect to all other modes of separate classification of unsecured debts. That reading is not defensible and more defensible reading is that Congress intended to apply the same fairness requirements to the separate classification of all unsecured debts.

Therefore, the Court applies 11 U.S.C. § 1322(b)(1) to the Chapter 13 plan proposed by the Debtor. That section starts with the proposition that a Chapter 13 plan "may designate a class or classes of unsecured claims." but "may not discriminate unfairly against any class so designated." The Court finds that the proposed plan violates the prohibition against unfair discrimination specifically that it proposes a less than 1% distribution to general unsecured creditors and a distribution to two student loan lenders of 23% and 62% respectfully.

### IV. Conclusion

**ACCORDINGLY, IT IS ORDERED** that confirmation of the Debtor's Chapter 13 Plan (Document No. 32) is denied.

**IT IS ORDERED** that within 14 days of date of this entry, the debtor shall file an amended Chapter 13 plan or convert to Chapter 7.

**FURTHER, IT IS ORDERED** that should the debtor fail to act, the Chapter 13 Trustee may upload an order of dismissal without an 11 U.S.C. § 109(g) finding.

###